Ms. Anne Heiligenstein, Commissioner Texas Department of Family and Protective Services 701 West 51st Street Austin, Texas 78751
Re: Whether a law enforcement agency is required to furnish information about alleged child abuse or neglect by a person responsible for the child's care, custody, or welfare to the Department of Family and Protective Services (RQ-0957-GA)
Dear Commissioner Heiligenstein:
You ask whether a law enforcement agency is required to furnish information about alleged child abuse or neglect by a person responsible for the child's care, custody, or welfare to the Department of Family and Protective Services (the "Department").[1]
You indicate that in January 2011 a special investigator of the Department requested information from a municipal police department (the "City"). Request Letter at 1. Subsequently, the City referred the request to its open records division, which sought an open records letter ruling from the Office of Attorney General, contending that the requested information was excepted from disclosure under section 552.101, Government Code, as (1) information deemed confidential by section 261.201 of the Family Code; and (2) information implicating common-law privacy.[2] You argue that a law enforcement agency is statutorily required to furnish the information to the Department. Request Letter at 1.
Section 261.105 of the Family Code provides, in relevant part:
 (a) All reports received by a local or state law enforcement agency that allege abuse or neglect by a person responsible for a *Page 2 
child's care, custody, or welfare shall be referred immediately to the department or the designated agency.
 (b) The department or designated agency shall immediately notify the appropriate state or local law enforcement agency of any report it receives, other than a report from a law enforcement agency, that concerns the suspected abuse or neglect of a child or death of a child from abuse or neglect.
TEX. FAM. CODE ANN. § 261.105 (West Supp. 2010). In chapter 261, the word "Department" means "the Department of Family and Protective Services." Id. § 261.001(2) (West 2008). Independently of the requirements of the Public Information Act, section 261.105 mandates cooperation between the Department and a local law enforcement agency by specifically requiring that a report alleging abuse or neglect by a person responsible for a child's care, custody, or welfare must be referred immediately to the Department or a designated agency after it is received by a local law enforcement agency. Id. § 261.105(a) (West Supp. 2010).
Moreover, another statute complements the policy established under section 261.105. Section 261.301(a) provides:
 (a) With assistance from the appropriate state or local law enforcement agency as provided by this section, the department or designated agency shall make a prompt and thorough investigation of a report of child abuse or neglect allegedly committed by a person responsible for a child's care, custody, or welfare.
Id. § 261.301(a) (West 2008). These two statutes, taken together, contemplate a complete and total sharing of information between the Department and a local law enforcement agency so long as the alleged child abuse or neglect is "committed by a person responsible for a child's care, custody, or welfare." Id. We conclude that a law enforcement agency is therefore required to furnish information about alleged child abuse or neglect by a person responsible for the child's care, custody, or welfare to the Department of Family and Protective Services. *Page 3 
 SUMMARY Pursuant to sections 261.105 and 261.3 01 of the Family Code, a law enforcement agency is required to furnish information about alleged child abuse or neglect by a person responsible for the child's care, custody, or welfare to the Texas Department of Family and Protective Services.
Very truly yours,
 GREG ABBOTT Attorney General of Texas
 DANIEL T. HODGE First Assistant Attorney General
 DAVID J. SCHENCK Deputy Attorney General for Legal Counsel
 JASON BOATRIGHT Chair, Opinion Committee
 Rick Gilpin Assistant Attorney General, Opinion Committee
[1] Letter from Anne Heiligenstein, Commissioner, Texas Department of Family and Protective Services, to Honorable Greg Abbott, Attorney General of Texas at 1 (Mar. 15,2011), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter").
[2] See Letter from B. Chase Griffith, Brown Hofmeister, L.L.P., to Honorable Greg Abbott, Attorney General of Texas (Jan. 24, 2011) (attached to Request Letter as Exhibit B). This office responded to the City with an Open Records Letter Ruling. See Tex. Att'y Gen. OR2011-04507, https://www.oag.state.tx.us/open/index_orl.php. *Page 1